PEGGY GORDON BENSCH v. JOHN RICHARD BENSCH

No. 7326DC302

(Filed 11 April 1973)

**Appeal and Error § 39— failure to docket record on appeal in time**

Though defendant's appeal from an order adjudging him in contempt of court for failure to pay child support, alimony and counsel fees was subject to dismissal for failure to docket the record on appeal in time, the record was considered by the court on appeal and found to be without error.

APPEAL by defendant from *Johnson, Judge,* 23 October 1972 Session of District Court held in MECKLENBURG County.

This is a civil action instituted by plaintiff, Peggy Gordon Bensch, on 18 May 1972 against her husband, John Richard Bensch, for custody and support of a minor child, alimony and counsel fees.

On 7 June 1972 an order was entered in the District Court held in Mecklenburg County awarding plaintiff custody of the minor child and requiring defendant to pay support for said child at the rate of $400.00 per month, alimony pendente lite at the rate of $200.00 per month and counsel fees in the amount of $1,000.00.

On 5 October 1972, after notice and hearing, the court made findings and conclusions that defendant had willfully failed to comply with the order of 7 June 1972 in that he was in arrears in the amount of $1,275.00 as child support, $800.00 as alimony, and $1,000.00 as counsel fees and ordered defendant "to appear before this court on October 24th, 1972, at 2:00 o'clock p.m., at which time adjudication of contempt shall be entered and the defendant shall be permitted to purge himself of contempt, or to be committed into the custody of the Sheriff of Mecklenburg County on said date."

On 27 October 1972, after notice and hearing, the court made the following pertinent findings and conclusions:

"3. THAT the defendant testified that he had received monies from sporadic employment from and since October 2nd, 1972, that the defendant had not secured regular employment; that the defendant had no plan to offer; that the defendant applied no monies received from his employment toward the support of his wife and minor child;

4. THAT the defendant is physically and mentally capable of securing employment and capable of earning a substantial income, however, has not secured, nor become gainfully employed.

5. THAT the defendant has been financially able to comply with the orders of the court as heretofore found in that order dated October 5th, 1972, and has failed, neglected, and refused to abide by the court orders heretofore entered;

6. THAT the defendant had knowledge of the entry of all orders and that his willful, knowing and intentional failure to comply with said orders was in direct contempt of this court;

\* \* \*

1. THAT the defendant be and he is hereby found in contempt of this court for failure to comply with lawful orders entered by this court, the defendant, having been financially able to comply with the orders lawfully entered by this court, and that his failure to comply was willful.

2. THAT as of September 30th, 1972, the defendant was in arrears in child support payments in the sum of $1,275.00, and in arrears for alimony payments in the sum of $800.00, and, as of that date, in arrears on attorney fees in the sum of $1,000.00."

From an order entered 27 October 1972 (filed 1 November 1972) committing defendant "to the common jail of Mecklenburg County for a period of 30 days, or until otherwise released by order of the undersigned judge," defendant appealed.

*Charles B. Merryman, Jr., for plaintiff appellee.*

*Barnes & King by W. Faison Barnes and Anne King for defendant appellant.*

---

Collins v. Collins

---

HEDRICK, Judge.

The record on appeal was docketed in this court on 16 February 1973, which is more than 90 days from the date of entry of the order appealed from. There is nothing to indicate that the time within which to docket the record on appeal has been extended. Therefore, the appeal is subject to dismissal for appellant's failure to comply with the rules of practice in this court.

Nevertheless, we have treated the appeal as a petition for certiorari and allowed the same.

We have carefully reviewed the record in the light of all of defendant's contentions and find no prejudicial error.

The order appealed from is

Affirmed.

Judges CAMPBELL and PARKER concur.